# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**OUR ALCHEMY, LLC,** *et al.*<br><br>Debtors. | CHAPTER 7<br><br>Case No. 16-11596-KG<br><br>Jointly Administered |
| **GEORGE L. MILLER**, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,<br><br>Plaintiff,<br><br>v.<br><br>**FTI CONSULTING, INC.,**<br><br>Defendant. | Adv. No. _____ |

**COMPLAINT TO AVOID TRANSFER PURSUANT TO 11 U.S.C. § 547**
**AND RECOVER PROPERTY PURSUANT TO 11 U.S.C. § 550**

Plaintiff George L. Miller ("Plaintiff" or the "Trustee"), as the Chapter 7 Trustee for the jointly administered bankruptcy estates (the "Estates") of Our Alchemy, LLC ("Alchemy") and Anderson Digital, LLC (collectively with Alchemy, the "Debtors"), by and through his undersigned counsel, files this Complaint against Defendant FTI Consulting, Inc. ("FTI"), and, in support thereof, asserts as follows:

**Nature of the Case**

1. This Complaint seeks to avoid and recover from FTI, or from any other person or entity for whose benefit the relevant transfer was made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of FTI by the Debtors

during the ninety (90) day period prior to filing the Debtors' bankruptcy petitions, pursuant to 11 U.S.C. § 547 and 550.

2.  If FTI filed any proofs of claim (collectively, the "Claims") or has otherwise requested payment from the Debtors or their Estates, this complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to the Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved.

## Jurisdiction and Venue

3.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

4.  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

5.  This is an adversary proceeding brought under and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Sections 547 and 550 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

6.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  Pursuant to Local Bankruptcy Rule 7008-1, the Trustee states that he does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

8.  On July 1, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware, and the cases are being jointly administered under the caption *In re Our Alchemy, LLC, et al.*, U.S.B.C. D. Del., Case No. 16-11596-KG.

9. On or around the Petition Date, the Trustee was appointed as the trustee of the Debtors' Estates.

10. The Trustee, based on information and belief, alleges that FTI is a corporation, partnership, other incorporated association, or individual that may be served with process in this action by mailing first class mail, postage prepaid, a true and correct copy of this Complaint and Summons pursuant to Federal Rule of Bankruptcy Procedure 7004(b).

11. Prior to the Petition Date, the Debtors operated as a film and media distributor. The Debtors' business included acquiring and distributing feature films, television series, and other programming via multiple platforms, including online, electronic, and hard copy distribution channels.

12. On or within 90 days before the Petition Date (April 1, 2016 through June 30, 2016 (the "Preference Period")), the Debtors continued operations, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise to certain entities, including FTI.

13. During the course of the Debtors' operations, the Debtors and FTI entered into agreements for consulting services evidenced by invoices, communications, and other documents (collectively, the "Agreements"). The Trustee and his accountants have completed a review and an analysis of information of the Debtors contained within the Debtors' available books and records, and the Trustee is seeking to avoid the transfer of an interest of the Debtors' property identified in Exhibit A made by Alchemy to the Defendant within the Preference Period.

14. The Trustee determined that Alchemy made a transfer to the Defendant during the Preference Period in a total amount of not less than $54,204.43 (the "Transfer") directly to, or for the benefit of, FTI. The details of the Transfer are set forth on Exhibit A. Such details include the identity of each of the Debtor(s) incurring the antecedent debt and making each Transfer, the Transfer Date, Transfer Amount, Invoice Number, Invoice Date and the Associated Invoice Amount.

15. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to FTI during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of FTI or any other transferee. The Trustee reserves the right to amend this original Complaint to include: (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to the FTI's name, and/or (iv) additional defendants (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and to request that the Amendments to relate back to this original Complaint.

16. The Trustee acknowledges that the Transfer may be subject to affirmative defenses under 11 U.S.C. § 547(c), for which FTI bears the burden of proof under 11 U.S.C. § 547(g).

## Claims for Relief

### COUNT I – Avoidance of Preferential Transfer Under 11 U.S.C. §547

17. The preceding paragraphs are incorporated by reference, as if fully set forth herein.

18. Prior to the Petition date, FTI provided consulting services to Alchemy, which resulted in the Alchemy being indebted to FTI.

19. FTI received payment, the Transfer, from Alchemy.

20. The Transfer constitutes a transfer of an interest in property of Alchemy.

21. The Transfer was made while Alchemy, the transferor, was insolvent. The Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

22. The Transfer was made during the Preference Period. *See* Exhibit A.

23. The Transfer was sent from Alchemy to FTI through a wire transfer and consisted of funds belonging to Alchemy.

24. The Transfer enabled FTI to receive payment on account of the debt that was paid by the Transfer in an amount greater than it would have received if (a) Alchemy's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) FTI received payment of its claims to the extent permitted by the Bankruptcy Code. The Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims against the Debtors.

25. The Transfer constitutes a voidable preferential transfer pursuant to § 547 of the Bankruptcy Code.

26. Accordingly, the Trustee may recover, on behalf of the Debtors' bankruptcy estates, the Transfer of the value thereof from FTI pursuant to § 550 of the Bankruptcy Code.

**COUNT II – Recovery of Avoided Transfer Pursuant to 11 U.S.C. §550**

27. The preceding paragraphs are incorporated by reference, as if fully set forth herein.

28.     The Defendant was the initial transferee of the Transfes, the immediate or mediate transferee of such initial transferee, or was the person for whose benefit the Transfer was made.

29.     The Transfer, to the extent that it is avoided pursuant to 11 U.S.C. § 547, may be recovered by the bankruptcy estates pursuant to 11 U.S.C. § 550 (a)(1).

WHEREFORE, the Trustee respectfully requests the Court enter a judgment in his favor and against FTI as follows:

a)     That the Transfer be avoided under 11 U.S.C. § 547 in the total amount of $54,204.43, and judgment be entered in favor of the Trustee and against FTI in the amount of $54,204.43 plus costs;

b)     That the Transfer, to the extent that is avoided pursuant to 11 U.S.C. § 547, be recovered by the Trustee pursuant to 11 U.S.C. § 550;

c)     That pre-judgment interest be awarded at the maximum legal rate running from the date of the Transfer to the date of judgment herein;

d)     That post-judgment interest be awarded at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

e)     That FTI be required to pay forthwith the judgment amount awarded in favor of the Trustee; and

f)     That the Trustee be granted such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| | **BIELLI & KLAUDER, LLC** |
| Date: June 29, 2018 | */s/ David M. Klauder* <br> David M. Klauder (No. 5769) <br> 1204 N. King Street <br> Wilmington, DE 19801 <br> Phone: (302) 803-4600 <br> Fax: (302) 397-2558 <br> dklauder@bk-legal.com <br><br> *Special Counsel for Plaintiff George L. Miller, Chapter 7 Trustee* |